**Thomas C. Sand**, Oregon State Bar No. 77332
tom.sand@millernash.com
**Jerry B. Hodson**, Oregon State Bar No. 87256
jerry.hodson@millernash.com
**Teresa H. Pearson**, Oregon State Bar No. 95375
teresa.pearson@millernash.com
Miller Nash LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
Telephone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Debtor and Plaintiff

CLERK US BANKRUPTCY COURT
DISTRICT OF OREGON

'04 SEP 14 P3:52

LODGED____ REC'D ____
PAID 150 DOCKETED____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**

In re

**ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,**

Debtor.

CV No. 304-37154-elp11

Chapter 11

---

**ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,**

Plaintiff,

v.

**ACE USA, INC.**, a Delaware corporation; **CENTENNIAL INSURANCE COMPANY**, a New York corporation; **FIREMAN'S FUND**

Adversary Proceeding Case No. 04-3373-elp

**COMPLAINT**

(Declaratory Judgment, Breach of Contract, Breach of Contractual Duty of Good Faith and Fair Dealing, Tortious Breach of Implied Duty of Good Faith and Fair Dealing, Tort of Bad Faith, Breach of Fiduciary Duty)

**JURY DEMAND REQUESTED**

**INSURANCE COMPANY,** a California corporation; **GENERAL INSURANCE COMPANY OF AMERICA** a member company of **SAFECO INSURANCE COMPANY OF AMERICA,** a Washington corporation; **INTERSTATE FIRE & CASUALTY COMPANY,** an Illinois corporation; **INTERSTATE INSURANCE GROUP,** an Illinois corporation; **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG,** a member company of **AMERICAN INTERNATIONAL GROUP, INC.,** a Delaware corporation; **ONEBEACON AMERICA INSURANCE COMPANY,** a Pennsylvania corporation; **ST. PAUL FIRE AND MARINE INSURANCE,** a Minnesota corporation; and **CERTAIN JOHN DOE INSURANCE COMPANIES,**

Defendants.

Plaintiff, Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole, dba the Archdiocese of Portland in Oregon (the "Archdiocese"), alleges as follows:

## INTRODUCTION

1. Nature of Action. The Archdiocese brings this insurance coverage action for declaratory relief and for damages incurred as a result of the breaches of insurance contracts and policies by the defendant insurance companies and underwriters that sold the Archdiocese insurance during the period of 1941 to 2000 (collectively referred to as the "Defendants"). Each defendant is listed, along with its applicable insurance policy numbers and policy periods (collectively referred to as the "Insurance Policies"), on Exhibit 1 to this Complaint, which is incorporated herein by reference.

2. Underlying Claims. The Archdiocese has in the past and continues to defend itself in numerous civil actions alleging sexual misconduct by Archdiocesan personnel during the period in which the Archdiocese was insured by Defendants. These civil actions are listed on Exhibit 2 to this Complaint, which is incorporated herein by reference. In addition to



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

the actions listed on Exhibit 2, the Archdiocese has also defended itself in other claims and threatened claims alleging sexual misconduct. The Archdiocese also expects that additional claims alleging sexual misconduct will be asserted. These past, present, and future claims alleging sexual misconduct by Archdiocesan personnel are hereinafter referred to as the "Underlying Claims."

3. Claims for Relief. The Archdiocese has and continues to incur significant costs and damages because certain Defendants refused to defend and/or fully indemnify the Archdiocese in the Underlying Claims. Indeed, the Archdiocese was forced to file for bankruptcy protection, in part, because certain Defendants refused to honor their respective Insurance Policies. Accordingly, the Archdiocese asserts the following claims for relief.

4. First Claim-Declaratory Judgment. The Archdiocese seeks a declaratory judgment as to Defendants' past, present and future obligations to the Archdiocese under the Insurance Policies with respect to Underlying Claims. The Archdiocese seeks a declaration that the terms of the Insurance Policies obligate certain Defendants to defend and/or reimburse the Archdiocese for defense costs incurred in defending Underlying Claims. The Archdiocese also seeks a declaration that the terms of the Insurance Policies obligate certain Defendants to indemnify and/or reimburse the Archdiocese for all sums the Archdiocese is legally obligated to pay as a result of Underlying Claims.

5. Second Claim-Breach of Contract. The Archdiocese seeks damages from Defendants for breach of their contractual obligations under their respective Insurance Policies to: (a) defend or reimburse the Archdiocese for costs incurred by the Archdiocese in defense of Underlying Claims; and/or (b) indemnify or reimburse the Archdiocese for all sums the Archdiocese has been legally obligated to pay as a result of Underlying Claims.

6. Claims Three, Four, Five, and Six-Tort Claims Against Safeco. The Archdiocese asserts claims for Breach of Contractual Duty of Good Faith and Fair Dealing,





MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

Tortious Breach of the Implied Duty of Good Faith and Fair Dealing, Tort of Bad Faith, and Breach of Fiduciary Duty against defendant General Insurance Company of America, a wholly-owned subsidiary and member company of Safeco Insurance Company of America (hereinafter, "Safeco"). From approximately 1994 through 2001, Safeco defended and indemnified the Archdiocese, as required under its respective Insurance Policies, with respect to Underlying Claims. Beginning in 2001, Safeco abruptly changed its position and wrongfully denied (and continues to deny) any duty to defend and/or indemnify the Archdiocese for Underlying Claims. For Safeco's wrongful denial of coverage, the Archdiocese seeks injunctive relief and damages. The Archdiocese also reserves the right to amend the complaint to seek punitive damages.

7. Damages and Relief. Together with damages and declaratory relief outlined above, the Archdiocese seeks recovery of monetary and other damages, including but not limited to, incidental and consequential damages and prejudgment interest. The Archdiocese seeks such damages from the time Defendants should have provided insurance coverage to the Archdiocese but did not, instead failing to honor their respective Insurance Policy obligations by refusing to pay for all of the Archdiocese's defense costs and/or to fully indemnify or reimburse the Archdiocese for all damages that the Archdiocese has been legally obligated to pay as a result of Underlying Claims. Also, where appropriate, the Archdiocese respectfully requests recovery of its attorney fees and costs incurred herein.

## PARTIES

8. Plaintiff. The Archdiocese is an Oregon corporation sole with its principal place of business in Portland, Oregon. The Archdiocese is the named insured in each of the Insurance Policies it purchased for valuable consideration from Defendants.

9. Defendants. Defendants are, or at all relevant times were, engaged in the business of selling insurance polices and/or providing insurance services in Oregon, among other



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

places. The Archdiocese has identified all known Defendants and their respective Insurance Policies sold to the Archdiocese in Exhibit 1.

10. ACE. Defendant ACE USA, Inc. ("ACE"), is a Delaware corporation with its principal place of business in a state other than Oregon. ACE is authorized to do business and is doing business in Oregon.

11. Centennial. Defendant Centennial Insurance Company ("Centennial") is a New York corporation with its principal place of business in a state other than Oregon. Centennial is authorized to do business and is doing business in Oregon.

12. Fireman's. Defendant Fireman's Fund Insurance Company ("Fireman's") is a California corporation with its principal place of business in a state other than Oregon. Fireman's is authorized to do business and is doing business in Oregon.

13. Safeco. Defendant Safeco is a Washington corporation with its principal place of business in Seattle, Washington. Safeco is authorized to do business and is doing business in Oregon.

14. Interstate. Defendant Interstate Fire & Casualty Company is an Illinois corporation with its principal place of business in a state other than Oregon. Interstate is authorized to do business and is doing business in Oregon and is a wholly-owned subsidiary of Interstate Insurance Group (collectively "Interstate"), an Illinois corporation.

15. National Union. Defendant National Union Fire Insurance Company of Pittsburg ("National Union") is a wholly-owned subsidiary and member company of AIG, a Delaware corporation with its principal place of business in a state other than Oregon. National Union is authorized to do business and is doing business in Oregon.

16. OneBeacon. Defendant OneBeacon America Insurance Company ("OneBeacon") is a Pennsylvania corporation with its principal place of business in a state other than Oregon. OneBeacon is authorized to do business and is doing business in Oregon.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

17. St. Paul. Defendant St. Paul Fire and Marine Company ("St. Paul") is a Minnesota corporation with its principal place of business in a state other than Oregon. St. Paul is authorized to do business and is doing business in Oregon.

18. John Doe Defendants. Defendants Certain John Doe Insurance Companies ("John Doe Defendants") are insurance companies presently unknown to the Archdiocese that sold an insurance policy to the Archdiocese during the period of Underlying Claims. The John Doe Defendants and insurance policies sold by the John Doe Defendants to the Archdiocese are deemed a part of this action so that when (and if) information identifying such additional Defendants and insurance policies becomes available, the Archdiocese will amend its Complaint and Exhibits to include that information.

**JURISDICTION AND VENUE**

19. Subject Matter Jurisdiction. This court has original subject matter jurisdiction over this action pursuant to 28 USC § 1332 because the matter in controversy with respect to each Defendant exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. This is a non-core proceeding over which this court has jurisdiction pursuant to 28 USC §§ 157(c) and 1334(b), and United States District Court Local Rule 2100.1. In the event that any Defendant files a proof of claim in this bankruptcy case, the Archdiocese reserves the right to assert that this court also has jurisdiction over this civil action pursuant to 28 USC § 157(b)(2)(C), 1334(a), and 1452.

20. Personal Jurisdiction. This court has personal jurisdiction over each Defendant because they or their predecessors or successors-in-interest:

(a) are authorized and/or licensed to do business in Oregon;

(b) have, within the relevant time periods, transacted the business of selling insurance and/or provided insurance services in Oregon;





MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

(c) sold and/or issued contracts of insurance and insurance services to the Archdiocese in Oregon; and/or

(d) have sufficient contacts with Oregon regarding the insuring of the Archdiocese, including the handling of the Archdiocese's claims for insurance, so that personal jurisdiction over each Defendant in Oregon is reasonable.

21. Venue. Venue is proper in this district under 28 USC § 1391(a) because a substantial part of the events or omissions giving rise to the claims alleged in this action occurred in Oregon. Venue is proper pursuant to 28 USC § 1409.

**INSURANCE POLICIES**

22. ACE. From at least July 25, 1971, through July 25, 1972, ACE (through predecessor Aetna Insurance Company) provided primary coverage to the Archdiocese under policy number CG290700. See Exhibit 1. Under the terms of ACE's respective Insurance Policy, ACE contractually agreed to provide a defense and pay on behalf of the Archdiocese all sums which the Archdiocese became legally obligated to pay because of bodily injuries sustained by third parties. ACE further agreed to pay up to $100,000 per person and $300,000 per occurrence.

23. Centennial. From at least July 1, 1981, through July 1, 1984, Centennial provided coverage to the Archdiocese under policy number 291-696541. See Exhibit 1. The Archdiocese has secondary evidence that Centennial also provided coverage to the Archdiocese from the period July 1, 1984, through at least July 1, 1986, under policy number 287-000583. Under the terms of Centennial's respective Insurance Policies, Centennial contractually agreed to indemnify the Archdiocese for all sums which the Archdiocese became legally obligated to pay as a result of personal injuries suffered by any person arising out of an occurrence within the policy period.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

24. Fireman's. From at least July 1, 1981, through July 1, 1985, Fireman's provided excess coverage to the Archdiocese under policy numbers SRS-XLX-139-52-01 and XLX 139-52-59. See Exhibit 1. The Archdiocese has secondary evidence that Fireman's also provided coverage to the Archdiocese from the period July 1, 1985, through at least July 1, 1986, under policy number XEX-135566. The coverage provided by Fireman's is excess to that provided by Lloyd's and Interstate. Under the terms of Fireman's respective Insurance Policies, Fireman's contractually agreed to pay on behalf of the Archdiocese all sums which the Archdiocese becomes legally obligated to pay as damages arising out hazards covered by the primary policies. Fireman's further agreed to pay up to $15,000,000 for each occurrence excess of the primary limits of $10,000,000.

25. Safeco. From July 25, 1961, through July 25, 1971, Safeco provided primary coverage to the Archdiocese under the following policy numbers: BLP 194160; BLP 245700; CP 172873; CP 29610. See Exhibit 1. The Archdiocese has secondary evidence that Safeco also provided coverage to the Archdiocese from the period July 25, 1958, through July 25, 1961, but the policy number of this missing policy is presently unknown.

(a) Under the terms of Safeco's respective Insurance Policies, Safeco is contractually obligated to provide a defense and pay on behalf of the Archdiocese all sums that the Archdiocese is legally obligated to pay because of personal injury claims alleged by third parties. (This coverage obligation of Safeco is referred to hereafter as the "Duty to Indemnify.") The Duty to Indemnify is subject only to limits of liability stated in Safeco's respective Insurance Policies.

(b) Safeco is also contractually obligated to pay on behalf of the Archdiocese all costs, including attorneys' fees, investigation costs, and supplemental expenses, incurred in the defense of personal injury claims for



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

which the insurer might potentially incur the Duty to Indemnify. (This coverage obligation of Safeco is referred to hereafter as the "Duty to Pay Costs.") The Duty to Pay Costs applies even if the claims against the Archdiocese are groundless, false, or fraudulent. Such costs are payable in addition to, and without reduction of, the applicable limit of liability stated in Safeco's respective Insurance Policies.

26. Interstate. From at least July 1, 1978, through July 1, 1986, Interstate provided first layer excess coverage to the Archdiocese under the following policy numbers: 183-152602; 183-152602; 183-152602/1; 183-152602/2; 183-152602/3; 183-169214; 183-0172324; 83-0172319. See Exhibit 1. Under the terms of Interstate's respective Insurance Policies, Interstate contractually agreed to pay on behalf of the Archdiocese damages in settlement of a claim or in satisfaction of a judgment for which the Archdiocese is legally liable. For the period July 1, 1978, through July 1, 1985, Interstate agreed to pay the difference between underlying limits of $200,000 and $5,000,000. For the period July 1, 1985, through July 1, 1986, Interstate agreed to pay the difference between underlying limits of $200,000 and $3,000,000.

27. National Union. From at least July 1, 1999, through July 1, 2000, National Union provided excess coverage to the Archdiocese under policy number 346-57-34. See Exhibit 1. The coverage provided by National Union is excess to that provided by Lexington Insurance Company. Under the terms of that policy, National Union contractually agreed to pay on behalf of the Archdiocese the amount payable in settlement of liability in excess of the primary insurance provided by Lexington. National Union further agreed to pay up to $29,000,000 for each occurrence excess of the primary limits of $1,000,000 under the Lexington policy.

28. OneBeacon. From at least June 20, 1967, through July 25, 1970, OneBeacon (through its predecessor Employers' Surplus) provided excess coverage to the





MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

Archdiocese under policy number E511616. See Exhibit 1. The coverage provided by OneBeacon is excess to that provided by Safeco. Under the terms of that policy, OneBeacon contractually agreed to indemnify the Archdiocese for all sums which the Archdiocese is obligated to pay. OneBeacon further agreed to pay up to $4,000,000 for each occurrence excess of the primary limits of $1,000,000 under the Safeco policy.

29. St. Paul. From at least 1941 through December 7, 1956, St. Paul provided primary coverage to the Archdiocese under the following policy numbers: ACP-229438; ACP-233617; 1402337; 14-20746. See Exhibit 1. On information and belief, the Archdiocese also alleges that St. Paul provided coverage to the Archdiocese from the period December 7, 1956, through July 25, 1958. Under the terms of St. Paul's respective Insurance Policies, St. Paul contractually agreed to provide a defense and pay on behalf of the Archdiocese all sums which the Archdiocese became legally obligated to pay because of bodily injuries sustained by third parties. St. Paul further agreed to pay up to $100,000 per person and $500,000 per occurrence.

## GENERAL ALLEGATIONS RELATED TO INSURANCE POLICIES

30. General Allegations. The allegations contained in ¶¶ 30-36 apply to all Defendants.

31. Premiums. The Archdiocese has paid all premiums due to each Defendant that sold an Insurance Policy identified in Exhibit 1, and has complied with and satisfied all applicable terms contained in the respective Insurance Policies. All other pertinent conditions and requirements imposed upon the Archdiocese under the respective Insurance Policies have been satisfied and/or have been waived or excused.

32. Notice. The Archdiocese has provided Defendants, their predecessors or successors-in-interest, or their agents with timely notice of the Underlying Claims, and has otherwise complied with all applicable conditions of the Insurance Policies.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

33. Allegations in Underlying Claims. The allegations contained in Underlying Claims allege unexpected and unintended injuries by third parties during Defendants' respective Insurance Policy periods. Costs the Archdiocese has incurred and will incur in defending Underlying Claims are within coverage under Defendants' respective Insurance Policies.

34. Damage During Policy Periods. The damages incurred by the Archdiocese as a result of Underlying Claims are damages that the Archdiocese has been legally obligated to pay because of injuries allegedly sustained by third parties during Defendants' respective policy periods and, thus, is covered under the respective Insurance Policies sold to the Archdiocese.

35. Demand. The Archdiocese has demanded and continues to demand that Defendants defend and/or indemnify the Archdiocese, as required under Defendants respective Insurance Policies, against all past, present, and future Underlying Claims.

36. Contractual Obligation. Defendants have refused or otherwise failed to fully honor their contractual obligations owed to the Archdiocese under the Insurance Policies, including their respective duties (1) to defend and/or pay for the defense of the Archdiocese in Underlying Claims and/or(2) to indemnify or reimburse the Archdiocese for liabilities incurred as a result of Underlying Claims.

## FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT (All Defendants)

37. The Archdiocese realleges and reincorporates all previous paragraphs of this complaint as though fully set forth herein. The allegations of the first claim for relief apply to all Defendants.

38. The Archdiocese has incurred, and continues to incur, substantial costs and expenses for defense of Underlying Claims. The Archdiocese has also incurred, and



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

continues to incur, substantial liabilities and damages which the Archdiocese is legally obligated to pay as a result of Underlying Claims.

39. Pursuant to the terms of Defendants' respective Insurance Policies, Defendants owe the Archdiocese a duty to defend and/or indemnify the Archdiocese for all sums that the Archdiocese becomes legally obligated (through judgment, settlement, or otherwise) to pay with respect to Underlying Claims, and for such further liabilities as may arise from such judgment or settlement or other resolution of Underlying Claims.

40. Pursuant to the terms of Defendants' respective Insurance Policies, the Archdiocese is entitled to insurance coverage for liabilities and damages that the Archdiocese is legally obligated to pay as a result of Underlying Claims during Defendants' respective policy periods.

41. Defendants have breached their obligations, as set forth in each of their respective Insurance Policies, by refusing or otherwise failing to fully honor all obligations to pay on behalf of or reimburse the Archdiocese for all sums that the Archdiocese has paid, or may become legally obligated to pay, as a result of Underlying Claims occurring during Defendants' respective policy periods.

42. By reason of the foregoing, an actual and justiciable controversy exists between the Archdiocese and Defendants regarding the obligations of Defendants with respect to Underlying Claims. This court has the power to declare and adjudicate the rights and other legal relationships of the parties to the instant action with reference to the issues raised by this complaint.

43. By reason of Defendants' conduct, and the language of the Insurance Policies under which Defendants agreed to provide coverage to the Archdiocese, the Archdiocese is entitled to an award of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 742.061.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

**SECOND CLAIM FOR RELIEF:
BREACH OF CONTRACT
(All Defendants)**

44. The Archdiocese realleges and reincorporates all previous paragraphs of this complaint as though fully set forth herein. The allegations of the second claim for relief apply to all Defendants.

45. The Archdiocese has incurred, and continues to incur, substantial costs and expenses for defense of Underlying Claims. The Archdiocese has also incurred, and continues to incur, substantial liabilities and damages which the Archdiocese is legally obligated to pay as a result of Underlying Claims.

46. Pursuant to the terms of Defendants' respective Insurance Policies, Defendants owe the Archdiocese a duty to defend and/or indemnify the Archdiocese for all sums that the Archdiocese becomes legally obligated (through judgment, settlement, or otherwise) to pay with respect to Underlying Claims, and for such further liabilities as may arise from such judgment or settlement or other resolution of Underlying Claims.

47. Pursuant to the terms of Defendants' respective Insurance Policies, the Archdiocese is entitled to insurance coverage for liabilities and damages that the Archdiocese is legally obligated to pay as a result of Underlying Claims during Defendants' respective policy periods.

48. Defendants have breached their obligations, as set forth in each of their respective Insurance Policies, by refusing or otherwise failing to fully honor all obligations to pay on behalf of or reimburse the Archdiocese for all sums that the Archdiocese has paid, or may become legally obligated to pay, as a result of Underlying Claims occurring during Defendants' respective policy periods.

49. As a direct and proximate result of these contractual breaches, the Archdiocese has been deprived of its insurance coverage. By depriving the Archdiocese of its insurance coverage, Defendants have directly damaged the Archdiocese, in an amount to be



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

determined at trial, by forcing it to make expenditures that should be borne by Defendants as set forth under their respective Insurance Policies.

50. Further, as a result of these breaches, the Archdiocese has been forced to incur and will continue to incur additional, reasonably foreseeable, incidental and consequential damages, including, but not limited to lost executive and other employee time, and the lost earnings on amounts wrongfully withheld by Defendants, all in an amount to be determined at trial. The Archdiocese is also entitled to prejudgment interest.

51. By reason of Defendants' conduct, and the language of the Insurance Policies under which Defendants agreed to provide coverage to the Archdiocese, the Archdiocese is entitled to an award of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 742.061.

**THIRD CLAIM FOR RELIEF:**
**BREACH OF CONTRACTUAL DUTY OF GOOD FAITH AND FAIR DEALING**
**(Defendant Safeco Only)**

52. The Archdiocese realleges and reincorporates all previous paragraphs as though fully set forth herein. The allegations of the third claim for relief apply to Safeco only.

53. The Archdiocese has incurred, and continues to incur, substantial costs and expenses for defense of Underlying Claims. The Archdiocese has also incurred, and continues to incur, substantial liabilities and damages which the Archdiocese is legally obligated to pay as a result of Underlying Claims.

54. Pursuant to the terms of Safeco's respective Insurance Policies, Safeco owes the Archdiocese a duty to defend and/or indemnify the Archdiocese for all sums that the Archdiocese becomes legally obligated (through judgment, settlement, or otherwise) to pay with respect to Underlying Claims, and for such further liabilities as may arise from such judgment or settlement or other resolution of Underlying Claims.





MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

55. Pursuant to the terms of Safeco's respective Insurance Policies, the Archdiocese is entitled to insurance coverage for liabilities and damages that the Archdiocese is legally obligated to pay as a result of Underlying Claims during Safeco's respective policy periods.

56. Safeco has breached its obligations, as set forth in each of its respective Insurance Policies, by refusing or otherwise failing to fully honor all obligations to pay on behalf of or reimburse the Archdiocese for all sums that the Archdiocese has paid, or may become legally obligated to pay, as a result of Underlying Claims occurring during Safeco's respective policy periods.

57. By failing or refusing to accept and/or perform all duties owed under its respective Insurance Policies, Safeco has breached its contractual obligations and contractually implied duties of good faith and fair dealing.

58. As a direct and proximate result of these contractual breaches, the Archdiocese has been deprived of its insurance coverage. By depriving the Archdiocese of its insurance coverage, Safeco has directly damaged the Archdiocese, in an amount to be determined at trial, by forcing it to make expenditures that should be borne by Safeco as set forth under its respective Insurance Policies.

59. Further, as a result of these breaches, the Archdiocese has been forced to incur and will continue to incur additional, reasonably foreseeable, incidental and consequential damages, including, but not limited to lost executive and other employee time, and the lost earnings on amounts wrongfully withheld by Safeco, all in an amount to be determined at trial. The Archdiocese is also entitled to prejudgment interest.

60. By reason of Safeco's conduct, and the language of the Insurance Policies under which Safeco agreed to provide coverage to the Archdiocese, the Archdiocese is entitled to





MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

an award of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 742.061.

**FOURTH CLAIM FOR RELIEF:**
**TORTIOUS BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(Defendant Safeco Only)**

61. The Archdiocese realleges and reincorporates all previous paragraphs as though fully set forth herein. The allegations of the fourth claim for relief apply to Safeco only.

62. Starting in approximately 1994, Safeco provided the Archdiocese a defense with respect to Underlying Claims. In addition, Safeco indemnified the Archdiocese for Underlying Claims pursuant to its obligations arising from Safeco's respective Insurance Policies.

63. Beginning in 2001, Safeco abruptly changed its position and wrongfully denied (and continues to deny) any duty to defend and/or indemnify the Archdiocese for Underlying Claims.

64. Safeco, through its respective Insurance Policies, agreed to provide the Archdiocese with legal representation and stand in the shoes of the Archdiocese for the purposes of defending and indemnifying the Archdiocese against the third-party claims, including Underlying Claims. The Archdiocese relinquished control over the defense of Underlying Claims to Safeco. The Archdiocese's monetary, property, and other interests were in the hands of Safeco.

65. Safeco's acts, as hereinabove described, represent a tortious breach of Safeco's implied duty of good faith and fair dealing. The Archdiocese, as a direct and proximate result, has been damaged in an amount to be proven at the time of trial. The Archdiocese is entitled to recover its damages (including prejudgment interest) as a result of Safeco's acts.

66. The Archdiocese reserves the right to amend this complaint to allege a right to recover punitive damages.





MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

67. By reason of Safeco's conduct, and the language of Safeco's respective Insurance Policies, the Archdiocese is entitled to an award of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 742.061.

**FIFTH CLAIM FOR RELIEF:**
**TORT OF BAD FAITH**
**(Defendant Safeco Only)**

68. The Archdiocese realleges and reincorporates all previous paragraphs as though fully set forth herein. The allegations of the fifth claim for relief apply to Safeco only.

69. Safeco's acts, as hereinabove described, represent bad faith. As a direct and proximate result of Safeco's bad faith, the Archdiocese has been damaged in an amount to be proven at the time of trial. The Archdiocese is entitled to recover its damages (including prejudgment interest) as a result of Safeco's acts.

70. The Archdiocese reserves the right to amend this complaint to allege a right to recover punitive damages.

71. Because Safeco has acted in bad faith in changing its position and denying coverage, Safeco should be estopped from denying coverage to the Archdiocese for Underlying Claims.

72. By reason of Safeco's conduct, and the language of Safeco's respective Insurance Policies, the Archdiocese is entitled to an award of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 742.061.

**SIXTH CLAIM FOR RELIEF:**
**BREACH OF FIDUCIARY DUTY AND/OR ENHANCED OBLIGATION OF FAIRNESS**
**(Defendant Safeco Only)**

73. The Archdiocese realleges and reincorporates all previous paragraphs of this complaint as though fully set forth herein. The allegations of the sixth claim for relief apply to Safeco only.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

74. A fiduciary duty exists between Safeco and the Archdiocese. In the alternative, Safeco owes the Archdiocese an enhanced obligation of fairness. Safeco's acts, as hereinabove described, represent a breach of the fiduciary duty owed to the Archdiocese and/or a breach of its enhanced obligation of fairness owed to the Archdiocese.

75. As a direct and proximate result of Safeco's breach of its fiduciary duty and/or its obligation of enhanced fairness to the Archdiocese, the Archdiocese suffered damages in an amount to be proven at the time of trial. The Archdiocese is entitled to recover its damages (including prejudgment interest) as a result of Safeco's acts.

76. The Archdiocese reserves the right to amend this complaint to allege a right to recover punitive damages.

77. By reason of Safeco's conduct, and the language of Safeco's respective Insurance Policies, the Archdiocese is entitled to an award of reasonable attorney fees and costs incurred in prosecuting this action pursuant to ORS 742.061.

**PRAYER FOR RELIEF**

WHEREFORE, the Archdiocese respectfully requests judgment as follows:

1. First Claim for Relief. With respect to the First Claim for Relief (Declaratory Judgment), the Archdiocese seeks an award declaring Defendants' past, present and future obligations to the Archdiocese under their respective Insurance Policies with respect to Underlying Claims. The Archdiocese seeks a declaration that the terms of the Insurance Policies obligate certain Defendants to defend and/or reimburse the Archdiocese for defense costs incurred in defending Underlying Claims. The Archdiocese also seeks a declaration that the terms of the Insurance Policies obligate certain Defendants to indemnify and/or reimburse the Archdiocese for all sums the Archdiocese is legally obligated to pay as a result of Underlying Claims. The Archdiocese also seeks an award of its attorney fees.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

2. Second Claim for Relief. With respect to the Second Claim for Relief (Breach of Contract), the Archdiocese seeks an award of damages (including prejudgment interest), including defense costs and all sums the Archdiocese has been legally obligated to pay as a result of Underlying Claims, including, but not limited to all the incidental and consequential damages, lost executive and other employee time, and the lost earnings on amounts wrongfully withheld by Defendants, all in an amount to be determined at trial. The Archdiocese also seeks an award of its attorney fees.

3. Third Claim for Relief. With respect to the Third Claim for Relief (Breach of Contractual Duty of Good Faith and Fair Dealing), the Archdiocese seeks an award of damages (including prejudgment interest), including defense costs and all sums the Archdiocese has been legally obligated to pay as a result of Underlying Claims, including, but not limited to all incidental and consequential damages, lost executive and other employee time, and the lost earnings on amounts wrongfully withheld by Safeco, all in an amount to be determined at trial. The Archdiocese also seeks an award of its attorney fees.

4. Fourth Claim for Relief. With respect to the Fourth Claim for Relief (Tortious Breach of Implied Duty of Good Faith and Fair Dealing), the Archdiocese seeks an award of all damages (including prejudgment interest) directly and proximately caused by Safeco's wrongful refusal to defend and indemnify the Archdiocese for Underlying Claims, all in an amount to be determined at trial. The Archdiocese reserves the right to amend the complaint to allege entitlement to punitive damages. The Archdiocese also seeks an award of its attorney fees.

5. Fifth Claim for Relief. With respect to the Fifth Claim for Relief (Tort of Bad Faith), the Archdiocese seeks an award of all damages (including prejudgment interest) directly and proximately caused by Safeco's bad faith in changing its position and wrongfully refusing to defend and indemnify the Archdiocese for Underlying Claims, all in an amount to be



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON 97204-3699

determined at trial. The Archdiocese reserves the right to amend the complaint to allege entitlement to punitive damages. The Archdiocese also seeks an award of its attorney fees.

6. Sixth Claim for Relief. With respect to the Sixth Claim for Relief (Breach of Fiduciary Duty and/or Enhanced Obligation of Fairness), the Archdiocese seeks an award of all damages (including prejudgment interest) directly and proximately caused by Safeco's change in position and wrongful refusal to defend and indemnify the Archdiocese for Underlying Claims, all in an amount to be determined at trial. The Archdiocese reserves the right to amend the complaint to allege entitlement to punitive damages. The Archdiocese also seeks an award of its attorney fees.

7. Such other and further relief as this court deems just and proper.

DATED this 14 day of September, 2004.

MILLER NASH LLP

Thomas C. Sand, OSB No. 77332
Telephone: (503) 205-2475
tom.sand@millernash.com
Jerry B. Hodson, OSB No. 87256
Telephone: (503) 205-2335
jerry.hodson@millernash.com
Teresa H. Pearson, OSB No. 95375
Telephone (503) 205-2646
teresa.pearson@millernash.com

Attorneys for Debtor and Plaintiff

**JURY TRIAL DEMAND**

The Archdiocese hereby demands a jury trial.

MILLER NASH LLP

Jerry B. Hodson, OSB No. 87256
Telephone: (503) 205-2335
jerry.hodson@millernash.com