

1 **Albert N. Kennedy**, OSB No. 82142
    Direct Dial:  (503) 802-2013
2   Facsimile:   (503) 972-3713
    E-Mail:      al@tonkon.com
3 **Timothy J. Conway**, OSB No. 85175
    Direct Dial:  (503) 802-2027
4   Facsimile:   (503) 972-3727
    E-Mail:      tim@tonkon.com
5 **Michael W. Fletcher**, OSB No. 01044
    Direct Dial:  (503) 802-2169
6   Facsimile:   (503) 972-3869
    E-Mail:      michaelf@tonkon.com
7 **TONKON TORP** LLP
  1600 Pioneer Tower
8 888 S.W. Fifth Avenue
  Portland, OR  97204
9
       Attorneys for Tort Claimants Committee
10

11          IN THE UNITED STATES BANKRUPTCY COURT

12              FOR THE DISTRICT OF OREGON

13  In re                          )
                                   )
14  ROMAN CATHOLIC ARCHBISHOP      )   Case No. 04-37154-elp11
    OF PORTLAND IN OREGON, AND     )
15  SUCCESSORS, A CORPORATION      )
    SOLE, dba the ARCHDIOCESE OF   )
16  PORTLAND IN OREGON,            )
                                   )
17             Debtor.             )
                                   )
18  _____)

    ROMAN CATHOLIC ARCHBISHOP      )   Adv. Proc. No. 04-3373-elp
19  OF PORTLAND IN OREGON, AND     )
    SUCCESSORS, A CORPORATION      )   **TORT CLAIMANTS COMMITTEE'S**
20  SOLE, dba the ARCHDIOCESE OF   )   **MOTION TO INTERVENE**
    PORTLAND IN OREGON,            )
21                                 )   ORAL ARGUMENT REQUESTED
               Plaintiff,          )
22                                 )
                                   )
23         v.                      )
                                   )
24  ACE USA, INC., a Delaware      )
    corporation; CENTENNIAL        )
25  INSURANCE COMPANY, a New York  )
    corporation; FIREMAN'S FUND    )
26  INSURANCE COMPANY, a California )
    corporation; GENERAL INSURANCE )

**Page 1 of 2** -   TORT CLAIMANTS COMMITTEE'S MOTION TO INTERVENE

1  COMPANY OF AMERICA a member )
   company of SAFECO INSURANCE )
2  COMPANY OF AMERICA, a )
   Washington corporation; INTERSTATE )
3  FIRE & CASUALTY COMPANY, an )
   Illinois corporation; INTERSTATE )
4  INSURANCE GROUP, an Illinois )
   corporation; NATIONAL UNION FIRE )
5  INSURANCE COMPANY OF )
   PITTSBURG, a member company of )
6  AMERICAN INTERNATIONAL )
   GROUP, INC., a Delaware corporation; )
7  ONEBEACON AMERICA )
   INSURANCE COMPANY, a )
8  Pennsylvania corporation; ST. PAUL )
   FIRE AND MARINE INSURANCE, a )
9  Minnesota corporation; and CERTAIN )
   JOHN DOE INSURANCE )
10 COMPANIES, )
                                        )
11              Defendants. )

12          Pursuant to Fed. R. Bankr. P. 7024 and Fed. Rule Civ. P. 24, the Tort

13 Claimants Committee ("the Committee") moves for an Order (1) granting the Committee

14 leave to intervene of right in the above-captioned Adversary Proceeding pursuant to

15 Fed. R. Civ. P. 24(a)(2) or, in the alternative, granting the Committee leave to intervene

16 permissively pursuant to Fed. R. Civ. P. 24(b)(2); and (2) granting the Committee leave to

17 file the Complaint in Intervention attached hereto as Exhibit 1.

18          This motion is supported by the Tort Claimants Committee's Memorandum in

19 Support, the Affidavit of Timothy J. Conway, and the documents on file herein.

20          DATED this 19th day of  November, 2004.

21          TONKON TORP LLP

22          By

23          TIMOTHY J. CONWAY, OSB No. 85175
            Attorneys for Tort Claimants Committee

24
   032545\00001\600726 V001
25

26

**Page 2 of 2** -   TORT CLAIMANTS COMMITTEE'S MOTION TO INTERVENE

1 | **Albert N. Kennedy**, OSB No. 82142
   Direct Dial: (503) 802-2013
2 |    Facsimile:   (503) 972-3713
   E-Mail:     al@tonkon.com
3 | **Timothy J. Conway**, OSB No. 85175
   Direct Dial: (503) 802-2027
4 |    Facsimile:   (503) 972-3727
   E-Mail:     tim@tonkon.com
5 | **Michael W. Fletcher**, OSB No. 01044
   Direct Dial: (503) 802-2169
6 |    Facsimile:   (503) 972-3869
   E-Mail:     michaelf@tonkon.com
7 | **TONKON TORP** LLP
   1600 Pioneer Tower
8 | 888 S.W. Fifth Avenue
   Portland, OR 97204
9 |
          Attorneys for Tort Claimants Committee
10 |
11 |          IN THE UNITED STATES BANKRUPTCY COURT
12 |          FOR THE DISTRICT OF OREGON
13 | In re                                )
                                          )
14 | ROMAN CATHOLIC ARCHBISHOP OF          )   Case No. 04-37154-elp11
   PORTLAND IN OREGON, AND SUCCESSORS, A  )
15 | CORPORATION SOLE, dba the ARCHDIOCESE OF )
   PORTLAND IN OREGON,                    )
16 |                                       )
          Debtor.                         )
17 |                                       )
   _____ )
18 | ROMAN CATHOLIC ARCHBISHOP OF          )
   PORTLAND IN OREGON, AND SUCCESSORS, A  )   Adv. Proc. No. 04-3373-elp
19 | CORPORATION SOLE, dba the ARCHDIOCESE OF )
   PORTLAND IN OREGON,                    )   **TORT CLAIMANTS**
20 |                                       )   **COMMITTEE'S**
          Plaintiff,                      )   **COMPLAINT IN**
21 |                                       )   **INTERVENTION**
       and                                )
22 |                                       )
   TORT CLAIMANTS COMMITTEE,              )
23 |                                       )
          Intervenor-Plaintiff,           )
24 |                                       )
       v.                                 )
25 |                                       )
   ACE USA, INC., a Delaware corporation; )
26 | CENTENNIAL INSURANCE COMPANY, a New   )

**Page 1 of 8 -**   TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

**Exhibit 1 - Page 1 of 8**
Committee's Motion to
Intervene

1    York corporation; FIREMAN'S FUND INSURANCE   )
         COMPANY, a California corporation; GENERAL    )
2    INSURANCE COMPANY OF AMERICA, a member   )
         company of SAFECO INSURANCE COMPANY OF   )
3    AMERICA, a Washington corporation; INTERSTATE  )
         FIRE & CASUALTY COMPANY, an Illinois       )
4    corporation; INTERSTATE INSURANCE GROUP, an  )
         Illinois corporation; NATIONAL UNION FIRE   )
5    INSURANCE COMPANY OF PITTSBURG, a      )
         member company of AMERICAN INTERNATIONAL )
6    GROUP, INC., a Delaware corporation;       )
         ONEBEACON AMERICA INSURANCE       )
7    COMPANY, a Pennsylvania corporation; ST. PAUL  )
         FIRE AND MARINE INSURANCE, a Minnesota   )
8    corporation; and CERTAIN JOHN DOE INSURANCE )
         COMPANIES,                    )
9                                    )
                  Defendants.                )
10

11        Intervenor-Plaintiff, the Official Committee of Tort Claimants (the

12   "Committee"), alleges as follows:

13                        **INTRODUCTION**

14          1.    <u>Nature of Action</u>. Plaintiff, Roman Catholic Archbishop of Portland,

15   Oregon, and successors, a corporation sole, dba the Archdiocese of Portland in Oregon (the

16   "Archdiocese"), brought this insurance coverage action for declaratory relief and for damages

17   incurred as a result of the breaches of insurance contracts and policies by the defendant

18   insurance companies and underwriters that sold the Archdiocese insurance during the period

19   of 1941 to 2000 (collectively referred to as the "defendants"). Each defendant is listed, along

20   with its applicable insurance policy numbers and policy periods (collectively referred to as

21   the "Insurance Policies"), on Exhibit 1 to the Archdiocese's Complaint, which is incorporated

22   herein by reference.

23          2.    <u>Underlying Claims</u>. The Archdiocese has in the past and continues to

24   defend itself in numerous civil actions alleging sexual misconduct by Archdiocesan

25   personnel during the period in which the Archdiocese was insured by defendants. These civil

26   actions are listed on Exhibit 2 to the Archdiocese's Complaint, which is incorporated herein

**Page 2 of 8** -   TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

**Exhibit 1 - Page 2 of 8**
Committee's Motion to
Intervene

1    by reference. In addition to the actions listed on Exhibit 2, the Archdiocese has also

2    defended itself in other claims and threatened claims alleging sexual misconduct. The

3    Committee and the Archdiocese expect that additional claims alleging sexual misconduct

4    will be asserted. These past, present and future claims alleging sexual misconduct by

5    Archdiocesan personnel are hereinafter referred to as the "Underlying Claims." The

6    Committee represents these present and future tort claimants, both known and unknown, in

7    the Archdiocese's bankruptcy case.

8            3.    Claim for Relief. The Archdiocese has and continues to incur

9    significant costs and damages because certain defendants refused to defend and/or fully

10    indemnify the Archdiocese in the Underlying Claims. The Archdiocese has filed for

11    bankruptcy protection, in part, because certain defendants refused to honor their respective

12    Insurance Policies. In this Adversary Proceeding, the Archdiocese seeks a declaratory

13    judgment as to the defendant's past, present and future obligation to defend and/or indemnify

14    it with respect to the underlying Claims (First Claim), as well as compensatory damages for

15    breach of contract (Second Claim). The Archdiocese also asserts claims against defendant

16    Safeco for contractual and tortious breach of the duty of good faith and fair dealing (Third

17    and Fourth Claims), bad faith (Fifth Claim) and breach of fiduciary duty (Sixth Claim).

18          The Committee has a direct and legally protectable interest in the

19    Archdiocese's insurance coverage within the meaning of Fed. R. Civ. P. 24, which is

20    applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7024.

21          The Committee represents tort claimants, both known and unknown, in the

22    Archdiocese's bankruptcy case. As debtor-in-possession, the Archdiocese owes a fiduciary

23    duty to its creditors to protect and maximize the assets of the bankruptcy estate. One

24    Committee member, Joseph Chestnut, has entered into an enforceable settlement agreement

25    with the Archdiocese on which he is owed a balance of $1,300,000. Moreover, the

26    Archdiocese has conceded that it has incurred liability to at least some tort claimants who

**Page 3 of 8 -**  TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**Exhibit 1 - Page 3 of 8**
Committee's Motion to
Intervene

1  have not yet obtained a judgment against or entered into a settlement with the Archdiocese.

2  According to the Archdiocese's Schedules, it is insolvent. If this contention is accurate,

3  coverage under defendant's respective Insurance Policies is the only means of satisfying all

4  but a fractional amount of the tort claimants' unsecured claims. Accordingly, the Committee

5  seeks a declaratory judgment that the Archdiocese is entitled to all the relief sought in its

6  Complaint, as well as such other and further relief as the Court deems just and proper.

7  **PARTIES**

8       4.    Plaintiff. The Archdiocese is an Oregon corporation sole with its

9  principal places of business in Portland, Oregon. The Archdiocese is the named insured in

10 each of the Insurance Policies it purchased for valuable consideration from defendants.

11      5.    Intervenor-Plaintiff. The Committee has been appointed pursuant to

12 11 U.S.C. § 1102 to represent tort claimants in the Archdiocese's bankruptcy case. The

13 Committee has standing to intervene in this action pursuant to Fed. R. Bankr. P. 7024 and

14 Fed. R. Civ. P. 24.

15      6.    Defendants. Defendants are, or at all relevant times were, engaged in

16 the business of selling insurance policies and/or providing insurance services in Oregon,

17 among other places. The Archdiocese has identified all known defendants and their

18 respective Insurance Policies sold to the Archdiocese in Exhibit 1 of its Complaint.

19      7.    ACE. Defendant ACE USA, Inc. ("ACE"), is a Delaware corporation

20 with its principal place of business in a state other than Oregon. ACE is authorized to do

21 business in a state other than Oregon. ACE is authorized to do business and is doing

22 business in Oregon.

23      8.    Centennial. Defendant Centennial Insurance Company ("Centennial")

24 is a New York corporation with its principal place of business in a state other than Oregon.

25 Centennial is authorized to do business and is doing business in Oregon.

26      9.    Fireman's. Defendant Fireman's Fund Insurance Company

**Page 4 of 8 -**   TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**Exhibit 1 - Page 4 of 8**
Committee's Motion to
Intervene

1  ("Fireman's) is a California corporation with its principal place of business in a state other

2  than Oregon. Fireman's is authorized to do business and is doing business in Oregon.

3          10.   <u>Safeco</u>. Defendant Safeco is a Washington corporation with its

4  principal place of business in Seattle, Washington. Safeco is authorized to do business and is

5  doing business in Oregon.

6          11.   <u>Interstate.</u> Defendant Interstate Fire & Casualty Company is an

7  Illinois corporation with its principal place of business in a state other than Oregon.

8  Interstate is authorized to do business and is doing business in Oregon and is a wholly-owned

9  subsidiary of Interstate Insurance Group (collectively "Interstate"), an Illinois corporation

10  with its principal place of business in a state other than Oregon. Interstate is authorized to do

11  business and is doing business in Oregon and is a wholly-owned subsidiary of Interstate

12  Insurance Group (collectively "Interstate"), an Illinois corporation.

13          12.   <u>National Union</u>. Defendant National Union Fire Insurance Company

14  of Pittsburg ("National Union") is a wholly-owned subsidiary and member company of AIG,

15  a Delaware corporation with its principal place of business in a state other than Oregon.

16  National Union is authorized to do business and is doing business in Oregon.

17          13.   <u>OneBeacon</u>. Defendant OneBeacon America Insurance Company

18  ("OneBeacon") is a Pennsylvania corporation with its principal place of business in a state

19  other than Oregon. OneBeacon is authorized to do business and is doing business in Oregon.

20          14.   <u>St. Paul</u>. Defendant St. Paul Fire and Marine Company ("St. Paul") is

21  a Minnesota corporation with its principal place of business in a state other than Oregon.

22  St. Paul is authorized to do business and is doing business in Oregon.

23          15.   <u>John Doe Defendants</u>. Defendants Certain John Doe Insurance

24  Companies ("John Doe Defendants") are insurance companies presently unknown to the

25  Archdiocese that sold insurance policies to the Archdiocese during the period of Underlying

26  Claims. The John Doe Defendants and insurance policies sold by the John Doe Defendants

**Page 5 of 8 -**   TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**Exhibit 1 - Page 5 of 8**
Committee's Motion to
Intervene

1  to the Archdiocese are deemed a part of this action so that when (and if) information

2  identifying such additional defendants and insurance policies becomes available, the

3  Archdiocese will amend its Complaint and exhibits to include that information.

4         16.    Subject Matter Jurisdiction.  This Court has original subject matter

5  jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy

6  with respect to each defendant exceeds $75,000, exclusive of interest and costs, and is

7  between citizens of different states.  This is a non-core proceeding over with this Court has

8  jurisdiction pursuant to 28 U.S.C. §§ 157(c) and 1334(b), and United States District Court

9  Local Rule 2100-1.  In the event that any defendant files a proof of claim in this bankruptcy

10 case, the Committee reserves the right to assert that this Court also has jurisdiction over this

11 civil action pursuant to 28 U.S.C. §§ 157(b)(2)(C), 1334(a), and 1452.

12        17.    Personal Jurisdiction.  This Court has personal jurisdiction over each

13 defendant because they or their predecessors or successor-in-interest:

14                (a)    are authorized and/or licensed to do business in Oregon;

15                (b)    have, within the relevant time periods, transacted the business

16 of selling insurance and/or provided insurance services in Oregon;

17                (c)    sold and/or issued contracts of insurance and insurance services

18 to the Archdiocese in Oregon; and/or

19                (d)    have sufficient contacts with Oregon regarding the insuring of

20 the Archdiocese, including the handling of the Archdiocese's claims for insurance, so that

21 personal jurisdiction over each defendant in Oregon is reasonable.

22        18.    Venue.  Venue is proper in this district under 28 U.S.C. § 1391(a)

23 because a substantial part of events or omissions giving rise to the claims alleged in this

24 action occurred in Oregon.  Venue is proper pursuant to 28 U.S.C. § 1409.

25              **ALLEGATIONS RELATED TO INSURANCE POLICIES**

26        19.    Upon information and belief as to their accuracy, the Committee

**Page 6 of 8** -  TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**Exhibit 1 - Page 6 of 8**
Committee's Motion to
Intervene

1  incorporates by reference paragraphs 22 to 36 of the Archdiocese's Complaint.

2  **CLAIM FOR RELIEF - DECLARATORY JUDGMENT**

3      20.    The Committee realleges the allegations of paragraphs 1 through 19

4  above.

5      21.    There is an actual dispute between the Committee and defendants

6  regarding defendants' obligations with respect to the Underlying Claims.

7      22.    Defendants contend that they have no obligation to defend and/or

8  indemnify the Archdiocese for any sums that the Archdiocese becomes legally obligated

9  (through judgment, settlement or otherwise) to pay with respect to Underlying Claims, and

10 for such further liabilities as may arise from such judgment or settlement or other resolution

11 of Underlying Claims.

12     23.    The Committee contends that the Archdiocese is entitled to such

13 insurance coverage.

14     24.    The Committee further contends that defendants have breached their

15 obligations, as set forth in each of their respective Insurance Policies, by refusing or

16 otherwise failing to fully honor all obligations to pay on behalf of or reimburse the

17 Archdiocese for all sums that the Archdiocese has paid, or may become legally obligated to

18 pay, as a result of Underlying Claims occurring during defendants' respective policy periods.

19     25.    The Committee has a direct and legally protectable interest in the

20 Archdiocese's insurance proceeds with the meaning of Fed. R. Civ. P. 24 for the following

21 reasons:

22         (a)    The Committee represents tort claimants, both known and

23 unknown, in the Archdiocese's bankruptcy case;

24         (b)    As debtor-in-possession, the Archdiocese owes a fiduciary duty

25 to its creditors to protect and maximize the assets of the bankruptcy estate;

26         (c)    One Committee member, Joseph Chestnut, has entered into an

**Page 7 of 8 -**   TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**Exhibit 1 - Page 7 of 8**
Committee's Motion to
Intervene

1   enforceable settlement agreement with the Archdiocese on which he is owed a balance of

2   $1,300,000;

3           (d)    The Archdiocese has conceded that it has incurred liability to at

4   least some tort claimants who have not yet obtained a judgment against or entered into a

5   settlement with the Archdiocese; and

6           (e)    According to the Archdiocese's Schedules, it is insolvent, and

7   if this contention is accurate, coverage under defendant's respective Insurance Policies is the

8   only means of satisfying the unsecured claims of the tort claimants represented by the

9   Committee.

10       26.    By reason of the foregoing, an actual and justiciable controversy exists

11   regarding the obligations of defendants with respect to Underlying Claims.  Pursuant to

12   Fed. R. Bankr. P. 7024, Fed. R. Civ. P. 24, and O.R.S. § 28.010, *et seq.*, the Committee is

13   entitled to a declaration of the parties' rights and obligations with respect to the Insurance

14   Policies and, specifically, a declaration that the Archdiocese is entitled to all the relief sought

15   in its First through Sixth Claims for Relief, as well as such other and further relief as the

16   Court deems just and proper.

17       WHEREFORE, the Committee respectfully requests a judgment declaring that

18   the Archdiocese is entitled to all the relief sought in its First through Sixth Claims for Relief,

19   as well as such other and further relief as the Court deems just and proper.

20       DATED this _____ day of _____, 2004.

21           TONKON TORP LLP

22

23       By _____

24           ALBERT N. KENNEDY, OSB No. 82142
        Attorneys for Tort Claimants Committee

25   032545\00001\600634 V001

26

**Page 8 of 8 -**  TORT CLAIMANTS COMMITTEE'S COMPLAINT IN INTERVENTION

Exhibit 1 - Page 8 of 8
Committee's Motion to
Intervene