

CLERK, U.S. BANKRUPTCY COURT
'04 NOV 19 P4:17
LODGED ____ REC'D ____
PAID ____ DOCKETED ____

**Albert N. Kennedy**, OSB No. 82142
Direct Dial: (503) 802-2013
Facsimile: (503) 972-3713
E-Mail: al@tonkon.com
**Timothy J. Conway**, OSB No. 85175
Direct Dial: (503) 802-2027
Facsimile: (503) 972-3727
E-Mail: tim@tonkon.com
**Michael W. Fletcher**, OSB No. 01044
Direct Dial: (503) 802-2169
Facsimile: (503) 972-3869
E-Mail: michaelf@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

Attorneys for Tort Claimants Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,

Debtor.

Case No. 04-37154-elp11

---

ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,

Plaintiff,

v.

ACE USA, INC., a Delaware corporation; CENTENNIAL INSURANCE COMPANY, a New York corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; GENERAL INSURANCE

Adv. Proc. No. 04-3373-elp

**TORT CLAIMANTS COMMITTEE'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

COMPANY OF AMERICA a member company of SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; INTERSTATE INSURANCE GROUP, an Illinois corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, a member company of AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; ONEBEACON AMERICA INSURANCE COMPANY, a Pennsylvania corporation; ST. PAUL FIRE AND MARINE INSURANCE, a Minnesota corporation; and CERTAIN JOHN DOE INSURANCE COMPANIES,

Defendants.

The Tort Claimants Committee (the "Committee") moves, pursuant to Fed. R. Bankr. P. 7024, Fed. R. Civ. P. 24(a)(2), and Fed. R. Civ. P. 24(b)(2) to intervene in *Roman Catholic Archbishop of Portland in Oregon v. ACE USA, Inc. et al.*, Adversary Proceeding No. 04-3373-elp. For the reasons provided below, the Committee is entitled to intervene as of right under Rule 24(a)(2). In the alternative, the Committee respectfully requests leave to intervene permissively pursuant to Rule 24(b)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2004, Debtor became the first major religious institution in United States history to file for Chapter 11 protection. The Archdiocese asserts that it has only $19 million in assets and $373 million in liabilities, the vast majority of which arise from lawsuits alleging sexual misconduct by Debtor's personnel that have been filed by claimants represented by the Committee. *See* Summary of Schedules of July 30, 2004, as amended.

One of the reasons Debtor has sought bankruptcy protection is that its insurers have defaulted on their obligation to cover these claims. According to Debtor, its insurers paid approximately $27 million to settle sexual misconduct suits from 1950 to the present. In



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

February of 2001, however, Debtor's carriers refused to continue providing coverage in these actions. Debtor estimates that it has paid $17 million to settle misconduct cases since 2001, for which it is entitled to reimbursement from the insurers. Debtor took no legal action either to recoup this sizeable sum or ensure coverage in pending and future suits until September 14, 2004, when it filed this adversary proceeding at the behest of the Court.

Debtor's complaint seeks a declaratory judgment as to the defendants' past, present and future obligations to defend and/or indemnify it in the sexual misconduct suits, as well as compensatory damages for breach of contract (First and Second Claims). The complaint also asserts claims against defendant Safeco Insurance Company of America for contractual and tortious breach of the duty of good faith and fair dealing (Third and Fourth Claims), bad faith (Fifth Claim) and breach of fiduciary duty (Sixth Claim).

## II. ARGUMENT

Fed. R. Bankr. P. 7024 provides that Fed. R. Civ. P. 24, which governs intervention, applies in adversary proceedings. Pursuant to Rule 24(a)(2), a third party can claim intervention of right if it is timely and

> claims an interest relating to the property . . . which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(b)(2) provides that a court may, in its discretion, permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Rule 24(c) requires a person seeking intervention to serve upon the principal parties both a motion and "a pleading setting froth the claim or defense for which intervention is sought." The Committee's proposed Complaint in Intervention is attached to the Committee's Motion to Intervene as Exhibit 1.

* * *



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

### A. THE COMMITTEE IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

An applicant for intervention of right under Rule 24(a)(2) must show that (1) it has a "significantly protectable interest" relating to the subject of the action; (2) the disposition of the action may, as a practical matter, impair the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The court must broadly interpret these requirements in favor of intervention and accept as true the applicant's nonconclusory allegations in the motion to intervene and declarations supporting the motion.[1] *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818-20 (9th Cir. 2001) (internal quotations omitted).

#### 1. THE COMMITTEE HAS A SIGNIFICANTLY PROTECTABLE INTEREST RELATING TO THE SUBJECT OF THIS ACTION

An applicant seeking to intervene on the plaintiff's side of an action has a "significantly protectable interest" in the litigation if the interest is protected by law and there is a relationship between that interest and the plaintiff's claims. *Alisal*, 370 F.3d at 919. The Ninth Circuit has stressed that the "interest" test is not a bright-line rule and that it is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (internal quotation omitted). An economic interest is sufficient to support a right of intervention so long as it is non-speculative, concrete, and related to the underlying subject matter of the action. *Alisal*, 370 F.3d at 919;

---

[1] A movant seeking to intervene as of right need not satisfy Article III standing requirements. *State of California Dep't of Soc. Serv. v. Thompson*, 321 F.3d 835, 846 n.9 (9th Cir. 2003). Instead, a movant has standing to intervene if it can satisfy the "significantly protectable interest" prong of the Rule 24(a)(2) test. *Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094, 1099 n.2 (C.D. Cal. 2003), *citing Southwest Ctr.*, 268 F.3d at 821 n.3 (9th Cir. 2001).



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

*see also Arakaki v. Cayetano*, 324 F.3d 1078, 1085 (9th Cir. 2003). For the reasons provided below, the Committee has a direct, non-speculative, and legally protected interest in the insurance benefits that are the subject of this litigation.

**a. The Committee has a direct and non-speculative interest in this litigation**

Bankruptcy courts have often concluded that unsecured creditors have "an actual and direct interest" under Rule 24(a)(2) in proceedings that will affect the size of the estate. *In re Munford, Inc.*, 115 B.R. 388, 389 (Bankr. N.D. Ga. 1990); *see also In re Simetco, Inc.*, 1994 WL 470940, at *4 (Bankr. N.D. Ohio Aug. 15, 1994) (debtor and creditor both have interest in "the retention of [debtor's] sole manufacturing facility in order to develop a plan of organization which will provide a meaningful return to unsecured creditors"); *In re Golden Glades Reg'l Med. Ctr., Ltd.*, 147 B.R. 813, 816 (Bankr. S.D. Fla. 1992).

In this case, the Committee's interests go beyond the generalized interests of all unsecured creditors in maximizing the bankruptcy estate. The Committee also has a direct interest because Debtor is seeking to ensure coverage in lawsuits filed by the individuals it represents. *See Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991) (finding that intervenors, who were plaintiffs in suit against insured, had significant protectable interest in insurance declaratory judgment action); *Prudential Property & Cas. Ins. Co. v. Leach*, 2004 WL 1243763, at *1 n.1 (E.D. Pa . June 7, 2004) (same); *TIG Specialty Ins. Co. v. Financial Web.com, Inc.*, 208 F.R.D. 336, 338 (M.D. Fla. 2002) (same); *Gen'l Ins. Co. of Am. v. Rhoades*, 196 F.R.D. 620, 624 (D. N.M. 2000) (same); *Continental Ins. Co. v. Law Office of Thomas J. Walker, Jr.*, 171 F.R.D. 183, 185 (D. Md. 1997) (same); *St. Paul Fire & Marine Ins. Co. v. Summit-Warren Indus. Co.*, 143 F.R.D. 129, 133-34 (N.D. Ohio 1992) (same); *Nat'l Cas. Co. v. Davis*, 1991 WL 101648, at *1 (N.D. Ill. June 3, 1991) (same); *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549, 550-52 (D. R.I. 1986) (same);



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

*Hartford Acc. & Indemn. Co. v. Crider*, 58 F.R.D. 15, 18 (N.D. Ill. 1973) (same).

Moreover, the Committee has a particularized interest in the action to the extent it seeks to recoup the $17 million Debtor has spent since 2001 to settle sexual misconduct cases. By Debtor's reckoning, the bankruptcy estate is sufficient to satisfy less than 5 percent of the tort claimants' total claims. If Debtor prevails, this $17 million will directly benefit the tort claimants by almost doubling what is, according to Debtor's Schedules, a grossly insolvent estate.

The Committee's interest here is very different from that of an applicant who seeks to intervene in an action merely because it is contemplating a suit against one of the parties—or is already owed a debt by a party—and wishes to ensure the collectibility of this past or future claim. *Alisal*, 370 F.3d at 920, *citing Hawaii-Pacific Venture Capital Corp. v. H.B. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977). The Ninth Circuit has disallowed intervention in such cases because "[t]o hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *Alisal*, 370 F.3d at 920. This justification for denying intervention, however, is not appropriate in bankruptcy proceedings in which creditors are facing the final discharge of their claims. It is particularly inapposite in this case, where the litigation over insurance coverage directly implicates the tort plaintiffs' claims and may dramatically affect the extent of the bankruptcy estate.

Finally, the Committee's interest in Debtor's insurance coverage is not speculative. The Committee represents the interests of all tort claimants. One Committee member, Joseph Chestnut, entered into a prepetition settlement agreement with Debtor on which he is owed a balance of $1,300,000. *See* Affidavit of Timothy J. Conway ("Conway Aff.") Ex. 1.

Other tort claimants did not have the opportunity to settle their cases or obtain judgments against Debtor before it filed for bankruptcy. However, Debtor's representatives



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

have conceded that, as a general matter, Debtor has incurred liability as a result of its personnel's misconduct. *See*, *e.g.*, Debtor's Mem. Regarding Currently Identified Major Issues of 8/3/04, at 2-3 (stating that Debtor seeks to "provid[e] mechanisms for the equal treatment of comparably situated victims" and "give wide notice to potential claimants so that all with legitimate claims might come forward on a timely basis and share in the fund made available for compensation of meritorious claims . . . ."). Archbishop John Vlazny has gone so far as to admit that the forms of abuse alleged in the tort claimants' underlying suits took place and that the perpetrators "were allowed to carry out their criminal behavior without adequate restraint or correction." Conway Aff. Ex. 2.

In view of these admissions, Debtor can contest particular tort plaintiffs' claims, but it cannot colorably assert that it has no tort liability whatsoever to any of the Committee's constituents. The Ninth Circuit has held that a court should be guided "primarily by practical considerations, not technical distinctions" in deciding a motion to intervene. *Southwest Ctr.*, 268 F.3d at 818. Here, a practical look at the liability issue points to the conclusion that the Committee's interest in the insurance litigation is concrete—and not founded on mere speculation.

To the extent that the contingent nature of *individual* tort plaintiffs' claims has any relevance here, the Committee notes that courts have diverged over whether a plaintiff with a pending action against an insured defendant can intervene as of right in litigation concerning the insurer's duty to defend or indemnify. Some courts have held that such plaintiffs' interests are too contingent. *See, e.g., In re Infiltrator Systems, Inc.*, 1998 WL 1574648 at *3 (D. Conn. Nov. 6, 1998); *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D. 106, 110-11 (D.D.C. 1985).

However, many others—including the only appellate courts to take up the issue—have concluded that the contingent nature of the plaintiff's interest in a defendant's insurance coverage is not a bar to intervention and is, at most, one factor for the court's



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

consideration. *See Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995); *Teague*, 931 F.2d at 260-61; *Prudential Property & Cas. Ins. Co.*, 2004 WL 1243763, at *1 n.1; *TIG Specialty Ins. Co.*, 208 F.R.D. at 338; *Gen'l Ins. Co. of Am.*, 196 F.R.D. at 624; *Continental Ins. Co.*, 171 F.R.D. at 185-86; *St. Paul Fire & Marine Ins. Co.*, 143 F.R.D. at 133-34; *Nat'l Cas. Co. v. Davis*, 1991 WL 101648, at *1 (N.D. Ill. June 3, 1991); *New Hampshire Ins. Co.*, 110 F.R.D. at 550-52; *Hartford Acc. & Indemn. Co.*, 58 F.R.D. at 18; *see also Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 367-68 (3d Cir. 1995) (owners of hurricane-damaged condominium seeking to challenge distribution of insurance proceeds held by condominium association could intervene in litigation between association and contractor who had performed repairs).

The decisions allowing intervention reflect the better view of Rule 24(a)(2)'s requirements. Barring intervention on the part of pre-judgment tort claimants does not comport with the Ninth Circuit's injunction that courts construe Rule 24 in favor of intervention. As one court has noted, such a ban "creates a risk that a mere matter of timing could jeopardize the strong interest of a third party in the outcome of a contest between insurer and insured." *Gen'l Ins. Co.*, 196 F.R.D. at 624. This risk is especially strong here. The Committee has a direct interest in this litigation, and the claimants it represents had no control over either the timing of this adversary proceeding or, prior to that, Debtor's decision to file for bankruptcy before they had an opportunity to obtain judgments or enter into settlements.

**b. The Committee has a "legally protected" interest**

The Committee's interest is "legally protected" for the purposes of Rule 24. The Ninth Circuit has stressed that a proposed intervenor's interest need not be protected by the law under which the plaintiff has brought the action; instead, it is sufficient that the interest is protected under any law. *Alisal*, 370 F.3d at 919. Here, the Committee has a protectable interest under the Bankruptcy Code. As debtor-in-possession, Debtor owes a



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

fiduciary duty to its creditors to protect and maximize the assets of the bankruptcy estate. *See In re An-Tze Cheng*, 308 B.R. 448, 455 (9th Cir. B.A.P. 2004) ("The debtor in possession . . . is the representative of the estate and is saddled with the same fiduciary duty as a trustee to maximize the value of the estate available to pay creditors."); *see also In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 339 (3d Cir. 2004); *In re Big Rivers Elec. Corp.*, 233 B.R. 726, 734 (Bankr. W.D. Ky. 1998) ("It is beyond dispute that a Chapter 11 DIP owes a fiduciary duty to all of the creditors and other interest holders of its bankruptcy estate to maximize the value of the bankruptcy estate."); *In re Hohenberg*, 191 B.R. 694, 702 (Bankr. W.D. Tenn. 1996).

**2. THE DISPOSITION OF THIS ACTION WILL, AS A PRACTICAL MATTER, IMPAIR TORT CLAIMANTS' ABILITY TO PROTECT THEIR INTERESTS**

The Ninth Circuit has held that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Ctr.*, 268 F.3d at 822 (quoting Rule 24 advisory committee notes). The Committee satisfies this standard.

First, a proposed intervenor's interest is impaired for Rule 24 purposes if the litigation concerns insurance coverage and, in the absence of coverage, the insured may be unable to satisfy a judgment. *Teague*, 931 F.2d at 261-62; *Prudential Property & Cas. Ins. Co.*, 2004 WL 1243763, at *1 n.1; *Gen'l Ins. Co.*, 196 F.R.D. at 624-25; *Crosby v. St. Paul Fire and Marine Ins. Co.*, 138 F.R.D. 570, 573 (W.D. Wash. 1991) ("If an applicant for intervention shows that it would potentially or actually suffer some economic loss as result of a proceeding, the practical impairment requirement of Rule 24(a) is satisfied."); *Nat'l Cas. Co.*, 1991 WL 101648, at *2; *Greaves*, 110 F.R.D. at 552-53. Here, Debtor's view is that its assets can satisfy only 5 percent of the tort claims now pending. If Debtor does not prevail in this action, and Debtor's view of the extent of its estate is accepted, the tort claimants will receive only pennies on the dollar for their claims.



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Second, the *stare decisis* effect of litigation is an "important consideration" in determining whether litigation will impair the interests of a proposed intervenor. *United States v. State of Oregon*, 839 F.2d 635, 638 (9th Cir. 1988); *see also Crosby*, 138 F.R.D. at 573 (applying *Oregon* in insurance coverage context). Debtor's insurers are likely to argue that they are not obliged to cover tort plaintiffs' claims for negligent hiring and supervision because Debtor's conduct was intentional. Should the insurers prevail on this issue, the rulings in this action will likely have *stare decisis* effect, regardless of whether the Court remands these plaintiffs' actions to state court or they proceed to trial in federal district court. *Accord State of Oregon*, 839 F.2d at 638 ("This litigation, which directly involves the conditions at the applicants' institution, must of necessity result in factual and legal determinations concerning the nature of those conditions. Such determinations, when upheld by an appellate ruling, will have a persuasive *stare decisis* effect in any parallel or subsequent litigation.").

**3. IT IS LIKELY THAT DEBTOR WILL NOT ADEQUATELY REPRESENT THE COMMITTEE'S INTERESTS**

A prospective intervenor must demonstrate that the existing parties may not adequately represent its interests. However, this burden is "minimal," and the applicant "need only show that representation of its interests by existing parties 'may be' inadequate." *Southwest Ctr.*, 268 F.3d at 822-23, *quoting Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). In determining the adequacy of existing representation, courts consider the following factors: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996).

The Committee cannot determine at such an early juncture whether Debtor



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

will make all of the arguments that would be necessary to prevail in this suit. However, the Committee already has good reason to doubt whether Debtor is "capable and willing" to pursue the litigation to a favorable resolution. Until now, Debtor has shown a striking lack of enthusiasm for maximizing the coverage available to satisfy abuse victims' claims. For almost four years, Debtor fruitlessly attempted to settle the coverage issue with some of its insurers, and it only brought this action at the direction of the Court. The Committee is also concerned that Debtor's aversion to negative publicity concerning the conduct of its personnel—as evidenced by its decision to file for bankruptcy on the eve of trial in a sexual abuse case it was unable to settle—will negatively affect its ability to represent the Committee's interests.

Moreover, Debtor has little financial incentive to pursue this litigation, which perhaps explains its lassitude for the past four years. On Debtor's own view of its financial situation, it will neither benefit from winning this case nor suffer significant consequences from defeat. If the insurers prevail, Debtor apparently predicts that tort claimants will have no choice but to settle their claims for a fraction of their value. On the other hand, tort claimants will reap all the benefit if Debtor can secure coverage for their claims. *Accord Counihan v. Allstate Ins. Co.*, 907 F. Supp. 54, 56 (E.D.N.Y. 1995) (noting that plaintiff's "enthusiasm in prosecuting this action" would be lessened if she must account to proposed intervenor for any amount she recovered). The Committee's intervention will ensure that the tort claimants' interests are fully represented in this action.

**4. THIS MOTION IS TIMELY**

In determining whether a motion to intervene is timely, courts consider the stage of the proceedings, any prejudice to other parties, and the reasons for and length of any delay. *Alisal*, 370 F.3d at 921. There is no timeliness issue here. Debtor filed its complaint on September 14, 2004, and the preliminary hearing is scheduled for November 19, 2004. If the Court allows the Committee to intervene, there will be no prejudice to the original



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

parties.

**B. IN THE ALTERNATIVE, THE COMMITTEE SHOULD BE GRANTED LEAVE TO INTERVENE PERMISSIVELY**

Should the Court conclude that the Committee cannot intervene as of right, it requests leave to intervene permissively pursuant to Rule 24(b)(2). In contrast with Rule 24(a), Rule 24(b) does not require the potential intervenor to demonstrate a "significant protectable interest." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002); *see also S.E.C. v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940) (holding that Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation"). Instead, permissive intervention is appropriate where (1) there is an independent basis for jurisdiction; (2) the motion to intervene is timely; and (3) the proposed intervenor asserts a claim or defense in common with the main action. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999). If a proposed intervenor satisfies these criteria, intervention under Rule 24(b) is "entirely discretionary." *Security Ins. Co. of Hartford*, 69 F.3d at 1381; *see also* Rule 24(b) (providing that, in exercising its discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties").

The Committee has satisfied the requirements for permissive intervention. This motion is timely, and the Court would continue to have subject-matter jurisdiction after the Committee's intervention pursuant to 28 U.S.C. §§ 157(c) and 1334(b). There is commonality because the Committee seeks to advance the same arguments and claims that Debtor will—or ought to—pursue. *Accord Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 651 (N.D. Cal. 2004).

Without further belaboring the arguments set forth above, allowing intervention would be an appropriate exercise of the Court's discretion. Intervention will not



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

unduly delay or prejudice the rights of the original parties. Moreover, the Committee has a concrete interest in the outcome of this case, and there are good reasons to question whether Debtor will adequately protect these interests as this litigation unfolds.

## III. CONCLUSION

For the reasons provided above, the Committee is entitled to intervene of right. In the alternative, it would be an appropriate exercise of the Court's discretion to grant the Committee leave to intervene permissively.

DATED this 19th day of November, 2004.

TONKON TORP LLP

By ______________________
TIMOTHY J. CONWAY, OSB No. 85175
Attorneys for Tort Claimants Committee

032545\00001\596077 V001



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440