CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

NOV 29 2004

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

```
 1
 2
 3
 4
 5
 6
 7
 8              UNITED STATES BANKRUPTCY COURT
 9                FOR THE DISTRICT OF OREGON
10  In Re:                          )   Bankruptcy Case
                                    )   No. 04-37154-elp11
11  ROMAN CATHOLIC ARCHBISHOP       )
    OF PORTLAND IN OREGON, AND      )
12  SUCCESSORS, A CORPORATION       )
    SOLE, dba the ARCHDIOCESE OF    )
13  PORTLAND IN OREGON,             )
                                    )
14                  Debtor.         )
                                    )
15  _____    )
                                    )
    ROMAN CATHOLIC ARCHBISHOP       )   Adv. Pro. No. 04-3373
16  OF PORTLAND IN OREGON, AND      )
    SUCCESSORS, A CORPORATION       )
17  SOLE, dba the ARCHDIOCESE OF    )   ORDER DENYING TORT CLAIMANTS
    PORTLAND IN OREGON,             )   COMMITTEE'S MOTION TO INTERVENE
18                                  )
                    Plaintiff,      )
19                                  )
         v.                         )
20                                  )
    ACE USA, INC., a Delaware       )
21  corporation; et. al             )
                                    )
22
```



The Tort Claimants Committee moves to intervene in this action, asserting both intervention of right and permissive intervention. For the reasons set forth below, I will deny the motion.

Fed. R. Civ. P. 24(a)(2), made applicable to this adversary

Page 1 - ORDER DENYING MOTION TO INTERVENE

proceeding by Fed. R. Bankr. P. 7024, provides that a person has a right to intervene in an action "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." This requires that the applicant seeking intervention must show that

> 1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

I need not determine whether the first three requirements for intervention are met, because I conclude that the fourth is not.

> In determining whether an applicant's interest is adequately represented by the parties, [the court considers] (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties neglect.

Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 838 (9th Cir. 1996). The burden is on the prospective intervenor to show that "the existing parties do not adequately represent its interests." Id. It is enough to show that the representation "may be" inadequate, id., and the burden to show inadequacy is "minimal." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 823 (9th Cir. 2001). However, "[w]here an applicant for intervention

Page 2 - ORDER DENYING MOTION TO INTERVENE

1  and an existing party 'have the same ultimate objective, a
2  presumption of adequacy of representation arises.'" Northwest
3  Forest Resource Council, 82 F.3d at 838 (citation omitted).
4       The objective of the tort claimants committee is to maximize
5  the assets of the estate, which will then be available to meet the
6  claims of the claimants the committee represents. As the committee
7  points out, debtor has a fiduciary duty as debtor in possession to
8  maximize the assets of the estate. Therefore, both debtor and the
9  committee have the same "ultimate objective," giving rise to a
10 presumption of adequacy of representation.
11      The committee has not provided any evidence that debtor is not
12 adequately representing the interests of the tort claimants.
13 Particularly in light of debtor's fiduciary duty to pursue any
14 potential estate assets, and in the absence of any evidence that
15 debtor is failing to fulfill its fiduciary duty or to diligently
16 prosecute this action, the committee has not rebutted the
17 presumption that representation is adequate. The committee is not
18 entitled to intervene as of right.
19      In the alternative, the committee asks that the court allow it
20 to intervene under the discretionary provision of Fed. R. Civ. P.
21 24(b)(2). Permissive intervention may be allowed "when an
22 applicant's claim or defense and the main action have a question of
23 law or fact in common. . . . In exercising its discretion the court
24 shall consider whether the intervention will unduly delay or
25 prejudice the adjudication of the rights of the original parties."
26 Fed. R. Civ. P. 24(b)(2). A court may allow intervention under this

Page 3 - ORDER DENYING MOTION TO INTERVENE

rule if the prospective intervenor shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997)(quoted with approval in San Jose Mercury News, Inc. v. U.S. Dist. Ct - Northern District, 187 F.3d 1096, 1100 (9th Cir. 1999).

Assuming without deciding that the three prerequisites to intervention under Rule 24(b)(2) are met, I exercise my discretion to deny intervention in this case. There is absolutely no indication in this case that debtor, as debtor in possession, is failing to fulfill its duties of a trustee of estate assets, are provided in 11 U.S.C. § 1107. If, at some time in the future, a party in interest or the U.S. Trustee has evidence that debtor is not fulfilling those duties, the party in interest or U.S. Trustee may seek appointment of a trustee or examiner pursuant to 11 U.S.C. § 1104.

Further, the role of a creditors' committee is a limited one; the committee exists to represent the interests of the creditors in the bankruptcy proceedings. See 11 U.S.C. § 1102. That does not mean that the committee is entitled to control administration of the estate; that is the role of the debtor in possession.

I have on numerous occasions expressed concern about the amount of attorney fees that are being incurred in this bankruptcy case. Allowing the committee to intervene would result in the estate paying two sets of lawyers to pursue the litigation against

1  defendants.  Debtor has hired able counsel to pursue the litigation
2  against defendants, and I will not impose on the estate the burden
3  of paying for two sets of lawyers to pursue the litigation when one
4  set will do.  Further, if in the future I have concerns about
5  debtor's diligence in pursuing this litigation, the answer would be
6  to substitute a trustee or examiner, not to add additional parties
7  with the attendant cost to the estate of their counsel.
8  　　　　THEREFORE, IT IS HEREBY ORDERED that the tort claimants
9  committee's motion to intervene is DENIED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　ELIZABETH L. PERRIS
　　　　　　　　　　　　　　　　　　Bankruptcy Judge

cc:  Albert N. Kennedy
     Jerry B. Hodson
     Cozen O'Connor
     Daniel P. Larsen
     David E. Prange
     Barry Ostrager
     Craig A. Ryan
     Timothy J. McNamara
     Daniel F. Mullin
     Gregory L. Baird
     Eric J. Neiman
     Joseph A. Field