U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
**F I L E D**
October 25, 2005
Clerk, U.S. Bankruptcy Court

**Below is an Opinion of the Court.**

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,<br><br>        Debtor. | Bankruptcy Case<br>No. 04-37154-elp11 |
| ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,<br><br>        Plaintiff,<br><br>        v.<br><br>ACE USA, INC., a Delaware corporation; CENTENNIAL INSURANCE COMPANY, a New York corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; GENERAL INSURANCE COMPANY OF AMERICA, a member company of SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation, INTERSTATE INSURANCE | Adv. Proc. Case No. 04-3373<br><br>MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

Page 1 -   MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
          MOTION FOR PARTIAL SUMMARY JUDGMENT

```
 1  GROUP, an Illinois corporation;      )
    NATIONAL UNION FIRE INSURANCE        )
 2  COMPANY OF PITTSBURG, a member       )
    company of AMERICAN INTERNATIONAL    )
 3  GROUP, INC., a Delaware              )
    corporation; ONEBEACON AMERICA       )
 4  INSURANCE COMPANY, a Pennsylvania    )
    corporation, ST. PAUL FIRE AND       )
 5  MARINE INSURANCE, a Minnesota        )
    corporation; and CERTAIN JOHN DOE    )
 6  INSURANCE COMPANIES,                 )
                                         )
 7              Defendants.              )
```

General Insurance Company of America (General) moves for partial summary judgment on debtor Roman Catholic Archbishop of Portland's third, fourth, fifth and sixth claims for relief, which are asserted against Safeco Insurance Company of America (Safeco) and General only.[1] General asserts that it is entitled to summary judgment on the claims, because (1) they fail to state a claim under Oregon law; and (2) the claims are time-barred because they were filed more than two years after they accrued.

Debtor counters that the claims are cognizable under Oregon law and that they are not time-barred.

### THE CLAIMS

Debtor's complaint alleges that it has in the past and continues to defend itself in civil actions alleging sexual misconduct by Archdiocesan

---

[1] The complaint alleges that General is a wholly owned subsidiary and member company of Safeco, and refers to both companies together as "Safeco." Therefore, to the extent the complaint refers to Safeco, I understand that reference to include both Safeco and General. I will refer only to General in this Memorandum, as General alone is the moving party.

Page 2 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
        MOTION FOR PARTIAL SUMMARY JUDGMENT

personnel during periods it was covered by insurance issued by General. According to the complaint, from 1994 through 2001, General defended and indemnified debtor in sexual abuse claims. However, according to the complaint, in 2001 General "abruptly changed its position and wrongfully denied (and continues to deny) any duty to defend and/or indemnify" debtor on the sexual abuse claims. Complaint ¶ 6. The complaint alleges that General contractually agreed through the insurance policies to provide a defense and indemnify debtor on the personal injury claims, and that it has refused or otherwise failed to honor its contractual obligations to defend and/or pay.

In the third claim, debtor alleges a breach of the contractual duty of good faith and fair dealing. It realleges that General owes debtor a duty to defend and to indemnify it under the insurance policies, that debtor is entitled under the policies to insurance coverage, and that General breached its obligations by refusing or failing to fully honor all obligations to pay. Debtor alleges that this failure constitutes a breach of the "contractually implied duties of good faith and fair dealing." Complaint at ¶ 57. Debtor seeks damages, including defense costs and indemnity, along with incidental and consequential damages, lost employee time, and lost earnings on amounts wrongfully withheld.

In the fourth claim, debtor alleges a tortious breach of the implied duty of good faith and fair dealing. It alleges that, in 1994, General began providing debtor with a defense on the sexual abuse claims and indemnified debtor for obligations arising on those claims. However, in 2001, General "abruptly changed its position and wrongfully denied (and
Page 3 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

continues to deny) any duty to defend and/or indemnify" debtor for those claims. Debtor alleges that General agreed through the insurance policies to provide debtor with legal representation "and stand in the shoes of the Archdiocese for the purposes of defending and indemnifying" debtor against third-party claims. According to the complaint, "[t]he Archdiocese relinquished control over the defense of Underlying Claims to Safeco. The Archdiocese's monetary, property, and other interests were in the hands of Safeco." Id. at ¶ 64. Debtor seeks damages caused by wrongful refusal to defend and indemnify.

In the fifth claim, debtor alleges the tort of bad faith. It alleges that General's acts in changing its position and denying coverage represent bad faith and that, as a result of General's bad faith, debtor is entitled to recover its damages. It says General should be estopped from denying coverage.[2]

In the sixth claim, debtor alleges breach of fiduciary duty and/or enhanced obligation of fairness. It alleges that there is a fiduciary duty between General and debtor or that, in the alternative, General owes debtor "an enhanced obligation of fairness." Id. at ¶ 74. As a result of this breach, debtor alleges, it is entitled to recover damages caused by General's change in position and wrongful refusal to defend and indemnify.

DISCUSSION

Under Fed. R. Civ. P. 56(c), made applicable to adversary

---

[2] Debtor does not allege the elements of estoppel or argue that the fifth claim is one for estoppel.

Page 4 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

proceedings by Fed. R. Bankr. P. 7056, the court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

1. <u>Are the claims cognizable under Oregon law?</u>

General first argues that the allegations in the complaint fail to state claims under Oregon law, and therefore it is entitled to summary judgment on each of the four claims at issue in this motion. According to General, Oregon does not recognize tort claims based on an insurer's wrongful denial of insurance coverage.

Debtor responds first that the third claim for relief is a contract claim, not a tort claim. As for the fourth, fifth, and sixth claims for relief, debtor argues that they are tort claims cognizable under Oregon law. I will address the fourth, fifth, and sixth claims first.

    A. <u>Fourth, Fifth, and Sixth Claims for Relief</u>

General argues that it is entitled to summary judgment on these claims as a matter of law because, under Oregon law, even a wrongful denial of insurance coverage supports only a claim for breach of contract, not for tort. Debtor responds that the tort claims for bad faith are cognizable under Oregon law, because General undertook to defend and indemnify debtor in earlier claims against it for sexual misconduct by its personnel, and its change of position in denying defense and coverage of later claims constitutes a tortious breach of duty that sounds in tort.

Page 5 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
           MOTION FOR PARTIAL SUMMARY JUDGMENT

The Oregon Supreme Court has addressed when a contractual relationship can give rise to tort liability. In <u>Georgetown Realty, Inc. v. Home Ins. Co.</u>, 313 Or. 97, 102 (1992), the court explained that, "where a duty arises from a contractual relationship between the parties, a tort may lie." Not all breaches of contract constitute torts, however. In determining whether an action sounds in contract or in tort, the critical question is whether the relationship between the contracting parties gives rise to obligations independent of the contract. <u>Id.</u> at 110.

> When the relationship involved is between contracting parties, and the gravamen of the complaint is that one party caused damage to the other by negligently performing its obligations under the contract, then, and even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent of the terms of the contract. If the plaintiff's claim is based solely on a breach of a provision in the contract, which itself spells out the party's obligation, then the remedy normally will be only in contract, with contract measures of damages and contract statutes of limitation. That is so whether the breach of contract was negligent, intentional, or otherwise.

<u>Id.</u> at 106.

Specifically with regard to the breach of the duty of good faith by an insurer, the court has held that, where an insurer undertakes the defense of a claim against an insured, it has a duty arising outside the contract to act in good faith in the defense of the claim, the breach of which sounds in tort.

> When a liability insurer undertakes to "defend," it agrees to provide legal representation and to stand in the shoes of the party that has been sued. The insured relinquishes control over the defense of the claim asserted. Its potential monetary liability is in the hands of the insurer. That kind of relationship carries with it a standard of care that exists independent of the contract and

Page 6 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

without reference to the specific terms of the contract. Id. at 110-111. Thus, while an insurer may be liable in tort for undertaking the defense of a claim against an insured, an insurer's failure to undertake the defense at all can only be a breach of contract. Farris v. U.S. Fid. & Guar. Co., 284 Or. 453, 465 (1978).

Debtor neither alleges nor provides evidence in response to General's motion for summary judgment that General undertook to defend any particular claim against debtor and then breached its duties to defend in good faith. The allegations and evidence show that General defended and paid on some claims, but then refused to defend additional claims against debtor. Under the Oregon authorities cited above, failure to undertake the defense of a claim does not constitute tort, but only breach of contract.

Acknowledging that, under Oregon law, there is no tort liability for an insurer's refusal to defend, debtor argues that the facts underlying these claims fall within the tort duty imposed on an insurer, because the insurer did not refuse to defend at all, but instead undertook defense of some claims against debtor, while refusing to defend others. It asserts that General's "actions are more akin to the withdrawal from the defense than a situation where an insurer makes a one-time decision not to defend a single claim." Plaintiff's Response in Opposition to General's and Safeco's Motions for Summary Judgment at 11.

This argument ignores the reason why tort liability can exist for breach of duties undertaken when an insurer takes over the defense of a claim against an insured. The Oregon Court of Appeals explained the

rationale for allowing recovery in tort for an insurer's failure to settle within the policy limits:

> The insurer is held to a duty of good faith <u>because having undertaken the defense,</u> the interests of the insurer come into conflict with the interests of the insured when there is a probability that the judgment will be greater than the policy limits. In that case, the insurer has everything to gain and nothing to lose by rejecting a settlement offer for the policy limits. The [Supreme Court concluded] that that rationale does not apply when the insurer <u>fails to undertake the defense of the claim</u> . . . .
>
> Because the duty to exercise due care in the defense of a claim against the insured arises from the control the insurer exercises over the defense and settlement by reason of its undertaking defense of the claim, failure to defend constitutes only a breach of contract, whether the breach results in a judgment within or outside the policy limits. <u>If the defense is not undertaken, the duty to exercise reasonable care does not arise</u>.

<u>Warren v. Farmers Ins. Co. of Oregon</u>, 115 Or. App. 319, 324-25 (1992)(emphasis supplied). The special relationship giving rise to duties outside the contract exists because

> one party has relinquished control over the subject matter of the relationship to the other party and has placed its potential monetary liability in the other's hands. In all those relationships, one party has authorized the other to exercise independent judgment in his or her behalf and, consequently, the party who owes the duty has a special responsibility to administer, oversee, or otherwise take care of certain affairs belonging to the other party.

<u>Conway v. Pacific University</u>, 324 Or. 231, 241 (1996).

Nothing in that reasoning supports a view that, once an insurer agrees to defend one claim brought against an insured, it must continue to defend all other claims brought against the insured, even similar claims, or risk incurring tort liability. Because it is the relinquishment of control over the claim that gives rise to the

Page 8 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

extracontractual duty, the breach of which constitutes a tort, and there is no relinquishment of control to the insurer when it fails to undertake the defense of a particular claim, the refusal to defend a claim does not give rise to the duty, even if the insurer has defended multiple other claims before the refusal. As in Strader v. Grange Mut. Ins. Co., 179 Or. App. 329, 335 (2002), debtor "did not delegate to defendant the full authority to determine, on plaintiff's behalf, how much money plaintiffs would receive" on the claims. As in Strader, the insurance company in this case, in denying a duty to defend, "was not, by virtue of its status or role, dedicated to furthering plaintiff's interests." Id. Under Oregon law, the insurer's conduct may constitute a breach of contract, but it does not constitute a tort.

At the hearing on this motion, debtor argued that General had fiduciary duties to debtor with regard to the lump sum of insurance coverage, which it breached by paying on earlier claims and then denying coverage on later claims. It points to no Oregon law that would support the proposition that paying some claims gives rise to a fiduciary duty to protect the insured in the disbursement of the entire pot of available insurance funds. The Oregon law is clear that the extracontractual duty of an insurer to an insured arises when the insurer takes over the defense of a claim from the insured, because the insured's economic interests are in conflict with the economic interests of the insurer. I find no authority for the imposition of a fiduciary duty on an insurer that refuses to defend.

Debtor argues that, "at a minimum, there is an unresolved issue of

Page 9 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
         MOTION FOR PARTIAL SUMMARY JUDGMENT

material fact as to whether Safeco/General has undertaken the defense of the Archdiocese in sexual misconduct cases as a result of its past actions." Plaintiff's Response in Opposition to General's and Safeco's Motions for Summary Judgment at 11. However, viewing the evidence debtor provided in the light most favorable to debtor, as the party opposing the motion for summary judgment, there is no question of fact. Debtor submitted the declaration of Kieran Curley in support of its opposition to the motion for summary judgment.[3] That declaration and the exhibits attached to it indicate that debtor tendered to Safeco/General defense of two claims involving Maurice Grammond, which General refused to defend. Declaration of Kieran Curley at ¶ 5; Exh. 6.[4] Thereafter, General denied coverage of a claim involving Father Aldo, but continued to participate in the defense through settlement. Id. at ¶ 6; Exh. 7. General has denied and continues to deny coverage of numerous additional claims. Id. at ¶ 9; Exh. 14.

Debtor has presented no evidence that General undertook to defend a claim against debtor and then performed its duty to defend negligently or in bad faith.[5] The evidence is that the insurer refused to defend.

---

[3] General raises numerous objections to debtor's evidence. Because the evidence, if admissible, does not support debtor's claims, I need not resolve the evidentiary objections.

[4] Safeco/General contributed to defense costs, but did not undertake the defense.

[5] The evidence presented by debtor shows that the only claim General undertook to defend was a claim concerning conduct of Father Aldo, which debtor says General defended through settlement. Debtor does not allege or show any bad faith in the defense of that claim, or any
(continued...)

Page 10 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Under Oregon law, that refusal may constitute a breach of contract, but it does not constitute a tort.

Debtor points out that there has been criticism of this distinction between refusing to defend and undertaking the defense but performing it badly. The Oregon Court of Appeals said:

> In all fairness, it is difficult to see why the insurer should be in a better position by refusing to defend and thereby breaching the insurance contract than it would have been had it undertaken the defense but done so negligently. We fail to see any principled distinction between the conflict of interest that exists when an insurer makes a decision whether to defend and the conflict that exists when, having undertaken the defense, a settlement opportunity arises that would cost the insurer its policy limits but would result in no personal liability for the insured. Were we writing on a clean slate, we might reach a different result. However, Farris dictates the result in this case: If an insurer does not defend a claim, and thereby breaches its contract with the insured, its liability, if any, is only for breach of contract, not for a tort.

Warren v. Farmers Ins. Co. of Oregon, 115 Or. App. 319, 326 (1992). Nonetheless, as the court of appeals recognized, the distinction is the law of Oregon, and that is the law that I must apply in this case.

Debtor does not distinguish among its three tort claims, calling them as a group "bad faith claims," Plaintiff's Response in Opposition to General's and Safeco's Motions for Summary Judgment at 9, and the allegations of all three are very similar. In none does debtor allege that General undertook the defense of any particular claims, and for none does debtor provide evidence to show that General undertook the defense and performed the defense badly. At bottom, all are tort claims for breach of a duty by failing to defend the underlying claims. Because

---

[5](...continued)
damage caused by the way in which General conducted the defense.

under Oregon law a tort duty can arise only if the insurer undertakes the defense, debtor's fourth, fifth, and sixth claims for relief fail as a matter of law. General is entitled to summary judgment on those claims.

B. <u>Third Claim for Relief</u>

The third claim is titled "Breach of Contractual Duty of Good Faith and Fair Dealing." Debtor alleges in this claim that the insurance policies provide that General is obligated to defend and indemnify it for claims of sexual misconduct by its personnel, and that General's refusal to accept coverage or perform the duties owed under the policies constitutes a breach of the contractual obligations and of the implied duty of good faith and fair dealing. General argues that debtor's characterization of the claim as one for breach of contract "is belied by Plaintiff's complaint, which describes the third through sixth claims for relief as 'Tort Claims.'" Reply Memorandum in Support of General's Motion for Partial Summary Judgment at 7.

General is correct that, in paragraph 6 of the complaint, debtor uses a heading titled "Claims Three, Four, Five, and Six-Tort Claims against Safeco." However, the text of that paragraph begins, "The Archdiocese asserts claims for Breach of Contractual Duty of Good Faith and Fair Dealing, Tortious Breach of the Implied Duty of Good Faith and Fair Dealing, Tort of Bad Faith, and Breach of Fiduciary Duty . . . ." The title given to the third claim, which precedes the allegations of that claim, is "Breach of Contractual Duty of Good Faith and Fair Dealing." Complaint at 14. The factual allegations are that General breached its contractual duties, either express or implied, under the

insurance policies. The claim is one for breach of contract, not tort, despite debtor's inept lumping of this claim together with the bad faith tort claims in its sixth paragraph of the complaint.

In its reply brief, General argues that the third claim should be dismissed, however characterized, because Oregon does not recognize a claim for breach of the covenant of good faith and fair dealing, where the breach is based on non-performance of an express contractual provision.

Good arguments can be made that the court should not consider this argument. General's motion for partial summary judgment says that it is seeking summary judgment

> on the third, fourth, fifth, and sixth claims for relief based on two issues of law.
>
> First, General moves on the basis that Oregon law does not recognize extra-contractual tort claims against an insurer premised on its denial of coverage.
>
> Second, General moves on the basis that any such tort claims, even if they were cognizable, are time barred[.]

General's Motion for Summary Judgment on Third, Fourth, Fifth, and Sixth Claims for Relief at 2. General's supporting memorandum treats the third claim for relief as one for a tort, and argues that debtor's "extra-contractual" claims for bad faith are not cognizable under Oregon law. Memorandum of Points and Authorities in Support of General's Motion for Partial Summary Judgment at 4-5. In its opening brief, General argues only that there can be no tort liability for denials of insurance coverage or defense. It acknowledges that "under Oregon law, even a wrongful denial of coverage can support *only* a claim for breach of

Page 13 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

contract, not one sounding in tort." Id. at 4 (emphasis in original). It is only in its reply, responding to debtor's explanation that the third claim for relief is one for breach of contract, not tort, that General argues that a contract claim is not cognizable under Oregon law, either.

Generally, it would be unfair to allow General, in its reply, to change its argument from one asserting that any tort claims for denial of a defense or insurance coverage are not cognizable under Oregon law, to one that Oregon law would also not recognize a claim for breach of contract. Because I find General's argument to be without merit, I will to address it at this juncture despite debtor's lack of an opportunity to respond.

In Oregon, there is an implied "obligation of good faith in the performance and enforcement of every contract." Best v. U.S. Nat'l Bank of Oregon, 303 Or. 557, 561 (1987).

> The implied covenant serves to protect the objectively reasonable contractual expectations of the parties. . . .
>
> Significantly, the duty of good faith and fair dealing cannot contradict an express contractual term, nor does it provide a remedy for an unpleasantly motivated act that is permitted expressly by contract. Thus, the terms of a contract help serve to define the objectively reasonable expectations of the parties. As a corollary to that proposition, a party invoking an express contractual right does not, merely by doing so, violate the duty of good faith.

Stevens v. Foren, 154 Or. App. 52, 58 (1998). Parties to a contract can recover for breach of that "obligation just as they could for the breach of any other contractual obligation." Best, 303 Or. at 561.

General argues for the first time in its reply brief that Oregon law

Page 14 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
        MOTION FOR PARTIAL SUMMARY JUDGMENT

does not recognize an action for breach of contract, under the circumstances alleged here. It asserts that the implied covenant of good faith applies only where the contract gives one party discretion in the performance of some aspect of the contract, and is breached only where the party exercises the discretion for purposes not contemplated by the parties, citing Best. Although Best involved a situation where the contract did provide discretion to one party, which discretion the party was required to exercise in good faith, 303 Or. at 563, the Oregon Court of Appeals has made clear that the implied covenant of good faith "is implied by law into <u>every</u> contract, not just those that necessitate the exercise of discretion." McKenzie v. Pac. Health & Life Ins. Co., 118 Or. App. 377, 381 (1993)(emphasis in original).

General also argues that breach of the implied covenant of good faith and fair dealing does not give rise to a contract claim where the underlying contract is one for insurance coverage. In General's view, the scope and effect of the covenant of good faith and fair dealing are defined in Georgetown Realty, and give rise only to tort liability for breach.

There is nothing in the Oregon case law that would exclude insurance contracts from the contractual implied duty of good faith and fair dealing. In fact, in McKenzie, the court of appeals specifically applied the implied duty of good faith to a contractual claim against a health insurer, holding that, "within defendant's obligation to pay all covered claims was the duty to determine, in good faith, whether a claim is covered, and to refrain from arbitrarily refusing to pre-authorize

Page 15 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
         MOTION FOR PARTIAL SUMMARY JUDGMENT

medical treatment." 118 Or. App. at 381. Similarly, in Farris, an insurer's bad faith in denying coverage was considered a breach of contract, not a tort, because the insurer had not undertaken the defense of the claim. 284 Or. at 465.

Finally, General argues that there can be no contractual claim for breach of the implied covenant of good faith and fair dealing where the plaintiff alleges non-performance of an express contractual provision. General is correct that, if a contract expressly provides for a particular remedy for breach, the party's invocation of that remedy cannot be a violation of the covenant of good faith and fair dealing. "The obligation of good faith does not vary the substantive terms of the bargain or of the statute, nor does it provide a remedy for an unpleasantly motivated act that is expressly permitted by contract or statute." U.S. Nat'l Bank of Oregon v. Boge, 311 Or. 550, 567 (1991).

Debtor does not allege here that General was entitled to deny coverage of the underlying claims, but acted in bad faith in exercising that right. Instead, it alleges that General denied coverage under the contract, which violated the terms of the contract, and that its wrongful refusal to abide by the terms of the insurance contract was a breach of the implied duty of good faith and fair dealing. Under the allegations of the complaint, denial of coverage was not permitted by contract, so the obligation of good faith and fair dealing does not vary the substantive terms of the agreement. General is wrong that there can be no claim under Oregon law for breach of the implied covenant of good faith and fair dealing when the insured alleges breach of particular

provisions of the insurance contract.  See, e.g., McKenzie, 118 Or. App. at 381 (breach of implied duty of good faith based on breach of express provision of contract).  It is not entitled to summary judgment on the third claim for relief.

2. Statute of limitations

General also argues that the four claims are barred by the two-year tort statute of limitations.  Because I conclude that the three tort claims fail as a matter of law, I need not address whether those claims were brought within the tort statute of limitations.  With regard to the third claim for relief, as I explain above, it is for breach of contract, not tort, so the tort statute of limitations does not apply.  Contract claims have a six-year statute of limitations.  ORS 12.080.  General does not assert that the six-year statute of limitations has run on the contract claim.

CONCLUSION

Under Oregon law, neither the allegations of the complaint nor the evidence presented support a tort claim arising out of General's alleged breach of the insurance contract.  Therefore, General is entitled to summary judgment on the fourth, fifth, and sixth claims for relief.

General's arguments for dismissing the third claim for relief fail under Oregon law.  The contract claim is not barred by the statute of limitations.  General's motion for partial summary judgment on the third claim for relief will be denied.

Mr. Prough should submit an order stating that, for the reasons set out in this Memorandum Opinion, General's motion for summary judgment is

denied on plaintiff's third claim for relief and is granted on
plaintiff's fourth, fifth, and sixth claims for relief.

cc: Michael D. Prough
    Teresa H. Pearson

Page 18 - MEMORANDUM OPINION RE GENERAL INSURANCE COMPANY OF AMERICA'S
         MOTION FOR PARTIAL SUMMARY JUDGMENT